OPINION
{¶ 1} Defendant-appellant, Keith Zornes, appeals a judgment of the Clermont County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee, Carolyn L. Zornes, a divorce from appellant and ordering appellant to pay appellee child support and spousal support.
 {¶ 2} The parties were married in 1976. There were two children born as issue of the marriage: a daughter, who was emancipated by the time these proceedings were initiated, and a son, who was born on March 21, 1989.
 {¶ 3} On July 31, 2003, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim. The matter was referred to a magistrate who held an evidentiary hearing on the unresolved issues between the parties. On August 16, 2004, the magistrate issued a decision finding that appellant earns annual income of $116,018.64, and that appellee should be imputed to earn annual income of $10,712. As a result, the magistrate determined that appellant should pay appellee $826.79 per month for child support, and $2,000 per month for a period of eight years for spousal support. Both parties filed objections to the magistrate's decision.
 {¶ 4} On December 20, 2004, the trial court issued a decision and entry reducing appellant's spousal support obligation by $320 per month in response to one of appellant's objections[1]
but overruling all of the parties' other objections. On May 23, 2005, the trial court issued a final decree of divorce.
 {¶ 5} Appellant now appeals from the divorce decree, assigning the following as error:
 {¶ 6} Assignment of Error No 1:
 {¶ 7} "THE TRIAL COURT ERRED IN BASING KEITH'S INCOME AT $116,018.64 AND CAROLYN'S INCOME AT $10,712.00."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION TO THE EXTENT THAT IT BASED KEITH'S SPOUSAL SUPPORT ORDER ON WORKING 60 TO 70 HOUR WORK WEEKS."
 {¶ 10} We shall address appellant's assignments of error, together, since they are interrelated.
 {¶ 11} Appellant raises three arguments under his assignments of error. First, he argues that the trial court erred in determining his annual income to be $116,018.64 for purposes of determining his child support and spousal support obligations. He contends that in order to earn that level of income, he will have to work 60 to 70 hours per week to make the court-ordered payments. He asserts that it is inequitable for the trial court to have forced this work schedule upon him in light of his age, health, and the fact that he is "burned out" after having worked these kinds of hours for the last several years. He argues that the trial court should have calculated his annual income by using only one-half the amount of overtime he has worked in the past several years, which would place his annual income at $87,500, and that the trial court abused its discretion by failing to do so. We disagree with this argument.
 {¶ 12} A trial court's decisions in domestic relations matter is generally reviewed under an abuse of discretion standard. SeeBooth v. Booth (1989), 44 Ohio St.3d 142, 143. A trial court does not abuse its discretion unless its decision is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Appellant's arguments essentially contend that the trial court's findings are against the manifest weight of the evidence. However, a trial court's judgment will not be reversed by a reviewing court as being against the manifest weight so long as there is some competent, credible evidence to support it. See C.E. Morris v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. Furthermore, a trial court's factual findings are presumed correct since the trial court is best able to view the witnesses, and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the witnesses' testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80.
 {¶ 13} A trial court must determine both parties' annual income for purposes of computing the obligor spouse's child support and spousal support obligations. See R.C. 3105.18
(spousal support) and R.C. 3119.02 (calculation of obligor spouse's child support obligation). R.C. 3105.18(C)(1)(a) directs domestic relations courts to consider "[t]he income of the parties, from all sources," among other factors, in determining "whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support." Additionally, R.C. 3119.05
provides, in pertinent part:
 {¶ 14} "(D) When the court or agency calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses:
 {¶ 15} "(1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;
 {¶ 16} "(2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed."
 {¶ 17} In this case, the magistrate found that the calculations called for by R.C. 3119.05(D) could not be made because appellant did not provide the trial court with the exact amount of overtime appellant earned in 2003. Consequently, the magistrate extrapolated from appellant's current earnings that appellant earns $116,018.64 annually. The magistrate used that figure to calculate both appellant's child support and spousal support obligations. The trial court adopted the magistrate's findings as to appellant's annual income and overruled appellant's objection to that finding.
 {¶ 18} Appellant's primary contention under his first argument is that the trial court should have calculated his annual income for purposes of determining his child support and spousal support obligations by using only one-half of the amount of overtime he has worked in the past few years, due to his age and health. He cites Carey v. Carey, Clark App. No. 2002C-A-109, 2004-Ohio-770, in support of his contention.
 {¶ 19} In Carey, the court stated that "a trial court may consider regular overtime pay in calculating the income of a spouse for purposes of setting child or spousal support."Carey, 2004-Ohio-770 at ¶ 18. Applying this principle to the facts before it, the Carey court held that the trial court had abused its discretion to the extent it based its spousal support award upon the husband's working a 60-hour work week. Id. The Carey court found that imposing a 60-hour work week on the husband was unreasonable in light of the husband's age and health, id., and ordered the trial court to recalculate the husband's spousal support obligation using a 50-hour work week, which, the husband had agreed, was reasonable. Id. at ¶ 29.
 {¶ 20} Citing Carey, appellant argues that the trial court in this case abused its discretion by requiring him, in essence, to work a 60 to 70-hour work week. Appellant argues that requiring him to continue working this kind of a work schedule is unreasonable and inequitable in light of his age and health, and requests that we remand this case to the trial court with instructions that the trial court recalculate appellant's child support and spousal support obligations using one-half of the current amount of his overtime pay. We find this argument unpersuasive.
 {¶ 21} Carey is factually distinguishable from the case before us. In Carey, the evidence showed that the husband "typically worked overtime, and in the recent months preceding his divorce" the husband "worked substantial overtime in order to pay off substantial debts." Taking into account these factual circumstances, along with the evidence concerning the husband's age and health, the Carey court concluded that it was unreasonable for the trial court to impose a spousal support order that required the husband to work a 60-hour work week, and ordered the trial court to recalculate the husband's obligation on the basis of a 50-hour work week, instead.
 {¶ 22} In this case, by contrast, the evidence showed that appellant regularly worked a substantial amount of overtime. In fact, appellant's overtime pay constitutes close to one-half of his annual income. As to appellant's age and health, appellant testified that he was 49 years old and has diabetes. However, appellee acknowledged that he does not take medication for his diabetes but, instead, controls the disease with diet and exercise. The magistrate was in the best position to observe appellant and determine whether he was sufficiently able to continue working the amount of overtime he has regularly worked in the past. See Seasons Coal Co., 10 Ohio St.3d at 79-80.
 {¶ 23} Appellant also testified that he did not intend to work as much overtime as he had in the past since he was "burned out," and that there will not be as much overtime available at his place of employment as there has been in the past. However, the magistrate expressly found both of these arguments to be "not well taken." Again, the magistrate was in the best position to observe appellant and to assess the credibility of his assertions. Id. The trial court affirmed the magistrate's decision, finding that appellant had failed to produce sufficient evidence to show that he would not be receiving the same amount of overtime that he had in the past. A review of the evidence shows that the testimony and record supports the trial court's conclusion. Furthermore, the trial court also noted that should appellant's health worsen or should his place of employment no longer offer the overtime it has in the past, appellant can file a motion to modify either his child support or spousal support obligations based on a change in circumstances.
 {¶ 24} In light of the foregoing, we conclude that the trial court did not err or abuse its discretion in finding appellant's annual income to be $116,018.64 for purposes of calculating appellant's child support and spousal support obligations.
 {¶ 25} In his second argument, appellant asserts that the trial court erred when it imputed appellee's annual income to be $10,712 for purposes of calculating appellant's child support and spousal support obligations. Appellant argues that the trial court should have concluded from the evidence presented that appellee's annual income was between $25,000 and $35,000. We disagree with this argument.
 {¶ 26} The magistrate was presented with conflicting evidence on appellee's annual income. Appellee, who is self-employed and cleans houses for a living, testified that her annual income was whatever she reported on her tax returns. Appellee reported her annual income as $1,218 for 2003; $6,031 for 2002; and $5,719 for 2001. Appellant presented evidence showing that appellee had represented on an internet dating site that her income was between $25,000 and $35,000 per year. The magistrate rejected both parties' assertions regarding appellee's annual income and, instead, imputed annual income to her of $10,712, upon determining that appellee was capable of working 40 hours per week, at minimum wage, and to the extent she did not, she was voluntarily underemployed. The trial court affirmed the magistrate's decision over the parties' objections.
 {¶ 27} R.C. 3105.18(C) requires the trial court to consider, among other things, the income of the parties from all sources, R.C. 3105.18(C)(1)(a), and the parties' "relative earning abilities," R.C. 3105.18(C)(1)(b), when fashioning a spousal support award. When considering a party's relative earning ability, a trial court need not restrict its inquiry to what the party has actually earned, but may also hold the party accountable for what the party could have earned if the party had made the effort. Petrusch v. Petrusch (Mar. 7, 1997), Montgomery App. No. 15960.
 {¶ 28} In this case, we cannot say the trial court erred or abused its discretion in rejecting appellant's evidence of appellee's annual income, or by imputing income to appellee on the basis of its finding that appellee was capable of working a 40-hour work week, at minimum wage, and that to the extent she was not, was underemployed. The trial court's decision is supported by the record in light of the fact that appellee holds a traditionally low-paying occupation, i.e., housecleaning, and that appellee is still the residential parent of the parties' minor son and, therefore, has less time to devote to any occupation she chooses to pursue. Furthermore, the trial court was entitled to accord little or no weight to the evidence showing that appellee had represented her income to be $25,000 to $35,000 when she visited an internet dating service site. Appellee plausibly explained that she had been merely exaggerating to make herself look more appealing. The trial court was entitled to find this explanation credible. See Seasons CoalCo., 10 Ohio St.3d at 79-80.
 {¶ 29} In his third argument, appellant asserts that the trial court erred in fashioning a spousal support award in this case without taking into account the fact that "other adults" live in appellee's household, who do not share in paying for appellee's expenses. We disagree with this argument. The "other adults" appellant refers to are the parties' emancipated daughter, who was 25 years old at the time of these proceedings and her daughter's boyfriend. Appellee testified that the expenses she listed in seeking spousal support did not include expenses for the parties' adult daughter or for her daughter's boyfriend. The trial court was in the best position to determine appellee's credibility on this issue, and we cannot say its decision was against the manifest weight of the evidence. Id.
 {¶ 30} Appellant's first and second assignments of error are overruled.
 {¶ 31} The trial court's judgment is affirmed.
Young and Bressler, JJ., concur.
[1] In one of his objections to the magistrate's decision, appellant asserted that the magistrate erred in granting appellee an additional $320 a month for her anticipated future nursing school expenses. The trial court agreed with this objection, noting that appellee had testified that she did not even know if she was qualified to enroll in nursing school, and therefore appellee's claimed future nursing school expense was "speculative at best." Therefore, the trial court disallowed that expense and reduced appellant's monthly spousal support by $320.